IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN WEST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. |
| SAFECO INSURANCE COMPANY OF INDIANA AND GIAN FIGARO, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL AND MOTION TO DISMISS GIAN FIGARO**

Pursuant to 28 U.S.C. §1446(a) and Local Rule CV-81(a), Defendants Safeco Insurance Company of Indiana ("Safeco") and Gian Fiargo ("Figaro") (collectively "Defendants") file this Notice of Removal, hereby removing this action from the 68th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.  Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Justin West ("Plaintiff") and Safeco and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  As explained below, Figaro was improperly joined, and this Court should therefore disregard Figaro's citizenship when evaluating diversity.

**I.**

**INTRODUCTION**

This dispute arises from Plaintiff's claim for wind and hail storm damage to his home located at 2001 Ola Lane, Grand Prairie, Texas 75050-2283 (the "Property").  Plaintiff alleges that Defendant breached a policy of insurance, and violated certain

---

**DEFENDANT'S NOTICE OF REMOVAL**                                                                                          **PAGE 1**

provisions of the TEXAS INSURANCE CODE and TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") by, among other things, failing to pay Plaintiff's claim for damages resulting from the storm.

On February 23, 2015, Plaintiff filed his Original Petition in the 68th Judicial District Court of Dallas County, Texas against Defendants. Safeco was personally served with a citation and a copy of Plaintiff's Original Petition on or about March 9, 2015 through its registered agent for service of process. Figaro was served with Plaintiff's Original Petition on March 26, 2015. Defendant Safeco Insurance Company of Indiana timely filed an answer to Plaintiff's Original Petition on March 27, 2015. This Notice of Removal is being filed within thirty (30) days of service of the Petition, and is thus timely filed under 28 U.S.C. §1446(b). As explained below, removal is proper in this case because there is complete diversity of citizenship between the properly joined parties, and it is apparent from the face of Plaintiff's petition that the amount in controversy exceeds $75,000.00.

## II.

## BASIS FOR REMOVAL

**A.   DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. See 28 U.S.C. § 1332(a). Plaintiff Justin West is a citizen of Texas. See Plaintiff's Original Petition ¶ 1. Safeco Insurance Company of Indiana is a corporation organized under the laws of the State of Indiana, with its principal place of business in Boston, Massachusetts. As explained below, Figaro was improperly joined and, therefore, this Court should disregard Figaro's Texas citizenship when evaluating diversity.


1.  **Standards For Improper Joinder**

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal, *i.e.*, Plaintiff's Original Petition. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490 (S.D. Tex. June 19, 2013). As discussed below, Plaintiff's Original Petition fails to state a plausible claim for relief against Figaro

A defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Smallwood*, 385 F.3d at 573.

2.  **Defendant Figaro Was Improperly Joined**

Here, Defendants seek removal under the latter because Plaintiff's pleading provides no reasonable basis for this Court to predict that Texas law would allow recovery against Figaro. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere a hypothetical basis.

*Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a reasonable basis for recovery under state law, the court may conduct a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). The court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573.

While an adjuster, such as Figaro, can be found liable in his individual capacity, *Safeco Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 485 (Tex. 1998), Plaintiff's Original Petition, which simply tracks the underlying statute, is factually deficient and fails to state a cause of action against Figaro.

As an initial inquiry, the Court must ask whether it appears from the petition that the plaintiff actually intended to sue the non-diverse defendant, i.e., whether "the record … support[s] any inference that the [plaintiff] intended to actively pursue claims" against Figaro. *Griggs*, 181 F.3d at 699; *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490, 21-22 (S.D. Tex. June 19, 2013). Courts of this circuit have considered the following factors in making this evaluation: (1) whether the defendant is merely minimally mentioned, (2) whether he was ever served, and (3) whether any actionable claims are specifically alleged against him.

Plaintiff's Original Petition identifies Figaro by name, but the allegations against him are minimal, provide no facts, and, therefore, fail to establish a plausible claim.

For the most part, the remaining allegations against Figaro merely track the statutory provisions. As explained by the Southern District of Texas in a case very similar to this one, such actions can be accomplished by Liberty through an agent, and as such, are indistinguishable from Liberty's actions. *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 21-22. *See also*, *Atascocita Realty, Inc. v. W. Heritage Ins. Co.*, 2012 U.S. Dist. LEXIS 130526 (S.D. Tex. Sept. 13, 2012) (holding that when an adjuster's actions can be accomplished by the insurer through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 6541 *14 (S.D. Tex. Jan. 20, 2011). Plaintiff's conclusory claims against Figaro, individually, are insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code. *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 23.

### 3. This Court Should Disregard Figaro's Citizenship When Evaluating Diversity

It is well-settled that the presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Figaro, his presence should be disregarded in determining diversity jurisdiction and he should be dismissed. *Id*.

Upon information and belief, Plaintiff is a Texas citizen. Defendant Safeco is a citizen of Massachusetts, and because Defendant Figaro has been improperly joined, complete diversity of citizenship exists among the properly joined parties.

**B.     AMOUNT IN CONTROVERSY**

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand and it is not facially apparent from the plaintiff's original petition that the amount in controversy exceeds $75,000.00, the defendant has the burden to prove that the amount in controversy exceeds the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

   1.     **Plaintiff's Original Petition**

Here, it is apparent from the face of Plaintiff's Original Petition that his claims exceed $75,000. In paragraph 5 of the petition Plaintiff states that "*Plaintiff currenlty seeks monetary relief over $100,000 but not more than 200,000.0 , including damages of any kind, penatlies, costs, expenees, pre-judgment, interest, and attorneys's fees.*"

Plaintiff also seeks attorney's fees under (1) section 38.001 of the TEXAS CIVIL PRACTICE & REMEDIES CODE (for its breach of contract action), see Plaintiff's Original

Petition, ¶ 26 and (2) sections 541.152 and 542.060 of the TEXAS INSURANCE CODE. *See* Petition, ¶ 27. If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712, at 176 (2d ed. 1985).

### 2. Plaintiff's Claim For Attorneys' Fees

Furthermore, if a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712, at 176 (2d ed. 1985). Here, Plaintiff seeks attorneys' fees in connection with its breach of contract action.[1] Plaintiff also asserts a claim for attorney's fees for alleged "violations of the Texas Insurance Code."[2] Therefore, the amount in controversy in this case clearly exceeds $75,000.00.

### III.
### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 8.1(a), filed concurrently with this Notice of Removal is a completed civil cover sheet, supplemental civil case cover sheet and a signed Certificate of Interested Persons that complies with LR 3.1(c). Additionally, the following exhibits are attached:

- **EXHIBIT A**    Index of all documents filed in state court;
- **EXHIBIT B**:   Register of Actions in the state court action;
- **EXHIBIT C-1-C-5**:  A copy of each document filed in the state court action.

---

[1] Plaintiff's Original Petition, ¶26. *See* TEXAS CIVIL PRACTICE & REMEDIES CODE, §38.001.

[2] Plaintiff's Original Petition, ¶27. *See* TEXAS INSURANCE CODE, §§541.152 and 542.060.

## IV.

### MOTION TO DISMISS IMPROPERY JOINED DEFENDANT

For all of the the foregoing reasons, Defendant asserts that Gian Figaro must be dismissed as a matter of law. Once subject-matter jurisdiction is conferred upon this Court, it will have been judicially established that Figaro's presence is to be disregarded and he must be dismissed from this lawsuit.

## V.

### CONCLUSION AND PRAYER

Based on the foregoing, Defendant Safeo Insurance Company of Indiana respectfully requests that 1) the above-captioned action now pending in the District Court, 68th Judicial District, Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division; 2) that Gian Figaro be dismissed from this lawsuit; and 3) for any and all other relief that the Court deems just and proper.

Respectfully submitted,

*/s/ Mark D. Tillman*

MARK D. TILLMAN
State Bar No. 00794742
ELIZABETH D. KNIGHT
State Bar No. 24065566

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
Email: mark.tillman@tb-llp.com
      elizabeth.knight@tb-llp.com

**ATTORNEYS FOR DEFENDANTS
SAFECO INSURANCE COMPANY OF
INDIANA AND GIAN FIGARO**

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of Defendant's Notice of Removal has been forwarded to Plaintiff's counsel of record via electronic means and/or facsimile, on the 7th day of April 2015 in accordance with the Federal Rules Of Civil Procedure.

  Richard D. Daly
  TBA No. 00796429
  John Scott Black
  TBA No. 24012292
  Ana M. Ene
  TBA No. 24076368
  William X. King
  TBA No. 24072496
  DALY & BLACK
  2211 Norfolk Street, Suite 800
  Houston, Texas 77098
  (713) 655-1405 (Telephone)
  (713) 655-1587 (Facsimile)
  rdaly@dalyblack.com
  jblack@dalyblack.com
  aene@dalyblack.com
  wking@dalyblack.com

                *s/s Mark D. Tillman*
                MARK D. TILLMAN

---