**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JUSTIN WEST,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 3:15-cv-01058-P** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA AND GIAN FIGARO,** | § | |
| **Defendant.** | § | |

---

**PLAINTIFF JUSTIN WEST'S MOTION TO REMAND AND BRIEF IN SUPPORT**

---

TO THE HONORABLE JORGE A. SOLIS:

Plaintiff Justin West ("West") hereby files his motion to remand and brief in support, respectfully asking the Court to remand the case to state court for lack of subject matter jurisdiction. In support of his motion, and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c), West would respectfully show the Court the following:

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... i

INDEX OF AUTHORITIES ............................................................................................ ii

NATURE AND STAGE OF THE PROCEEDING ....................................................... 1

ISSUES ............................................................................................................................ 2

STANDARD OF REVIEW ............................................................................................. 2

ARGUMENT ................................................................................................................... 5

     I.     Safeco's Notice of Removal Was Untimely ....................................................... 5

          A.     Facts ......................................................................................................... 5

          B.     Safeco Removed More Than 30 Days After It Received the Petition ........ 8

          C.     Safeco's Attempt to Establish Timeliness Fails ........................................ 9

     II.     Figaro Was Properly Joined as a Defendant in West's Suit Against Safeco ......... 12

          A.     West's Allegations Against Figaro .......................................................... 12

          B.     Movant's Burden ................................................................................... 15

          C.     West Alleges Sufficient Facts Against Figaro ......................................... 15

     III.     Conclusion ..................................................................................................... 19

PRAYER ....................................................................................................................... 19

CERTIFICATE OF SERVICE ..................................................................................... 20

CERTIFICATE OF CONFERENCE ............................................................................ 20

# INDEX OF AUTHORITIES

**Statutes**

28 U.S.C. § 1332............................................................................................................3

28 U.S.C. § 1441.........................................................................................................2, 3

28 U.S.C. § 1446............................................................................................................2

**Rules**

Fed. R. Civ. P. 6.............................................................................................................7

Tex. R. Civ. P. 47...........................................................................................................4

**Cases**

*Almeida v. Balboa Ins. Co.*, Case No. 7:12-cv-00533 (S.D. Tex. Mar 8, 2013) ..........................16

*Barr v. Zurich Ins. Co.*, 995 F. Supp. 701 (S.D. Tex. 1997).........................................................8, 9

*Burr v. Choice Hotels Int'l, Inc.*, 848 F. Supp. 93 (S.D. Tex. 1994)...............................................2

*Brooks v. American Home Ins. Co.*, No. 3:97-cv-0515,
    1997 WL 538727 (N.D. Tex. Aug. 20, 1997)......................................................3, 4, 5, 18

*Campbell v. Stone Ins., Inc.*, 509 F.3d 665 (5th Cir. 2007) ............................................................5

*Campos v. American Bankers Ins. Co. of Fl.*, No. H-10-0594,
    2010 WL 2640139 (S.D. Tex. June 30, 2010)...................................................................17

*Charla Aldous, P.C. v. Black*, No. 3:12-cv-5028,
    2013 WL 3154121 (N.D. Tex. June 20, 2013) ...............................................................16

*Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242 (5th Cir. 2011) .....................................3

*Edling v. IMI Sys., Inc.*, No. 201CV2817-M, 2002 WL 240135 (N.D. Tex. Feb. 15, 2002) .........8

*Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970,
    2010 WL 5099607 (S.D. Tex. Dec. 8, 2010)...................................................................4, 5

*Fidelity Funding, Inc. v. Pollution Research & Control Corp.*, No. 3:98-CV-1691,
    1999 WL 20955 (N.D. Tex. Jan. 7, 1999) ...........................................................................8

*Frank v. Bear Stearns & Co.*, 128 F.3d 919 (5th Cir. 1997) ...........................................................2

*Hernandez v. Stillwater Ins. Co.*, No. 3:14-cv-1560,
  2014 WL 3700577 (N.D. Tex. July 25, 2014) ............................................................15, 16

*Hornbuckle v. State Farm Lloyds*, No. 3:03-cv-00940,
  2003 WL 21955874 (N.D. Tex. Aug. 14, 2003)........................................................4, 5, 18

*Johnson v. Zurich Am. Ins. Co.*, No. 3:11-cv-0344,
  2011 WL 3111919 (N.D. Tex. June 29, 2011) ........................................................3, 4, 17

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002) ................................2

*Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721 (N.D. Tex. 2014)................18

*Presley v. America First Ins. Co.*, No. H-10-4429,
  2011 WL 486231 (S.D. Tex. Feb. 7, 2011) ................................................................3, 16

*Rodriguez v. State Farm Lloyds*, No. 3:13-cv-3505,
  2014 WL 3406961 (N.D. Tex. July 14, 2014) ........................................................4, 5, 16

*Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir.2004) (en banc),
  *cert. denied*, 544 U.S. 992 (2005) ............................................................................4

*Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) ..................................4

*USAA Tex. Lloyd's Co. v. Menchaca*, No. 13-00046-cv,
  2014 WL 3804602 (Tex. App.—Corpus Christi July 31, 2014, pet. filed) ......................18

*Wilson v. Safeco Ins. Co.*, Case No. 2:13-cv-00235 (N.D. Tex. Jan. 6, 2014) ......................16, 18

iii

## NATURE AND STAGE OF THE PROCEEDING

West, a Texas resident, is a named insured under a property insurance policy issued by Defendant Safeco Insurance Company of Indiana ("Safeco") (the "Policy"). (Dkt. # 1-3, ¶¶ 1, 8) Safeco is a citizen of Indiana and Massachusetts for diversity purposes. (Dkt. # 1, p. 2) On or about October 2, 2014, a storm hit the Grand Prairie, Texas, area, damaging West's home and other property. (Dkt. # 1-3, ¶ 9) West subsequently filed a claim under the Policy. (Dkt. # 1-3, ¶ 9)

Safeco assigned Defendant Gian Figaro ("Figaro") – a Texas resident – to adjust the claim. (Dkt. # 1-3, ¶¶ 3, 11) Figaro conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages he noted during the inspection, and undervalued the damages he observed during the inspection. (Dkt. # 1-3, ¶ 11) Figaro's substandard, outcome-oriented investigation led to Safeco's underpayment of West's claim. (Dkt. # 1-3, ¶ 11-13)

As a result, on February 23, 2015, West filed suit against Safeco and Figaro in the 68th-C District Court of Dallas County, Texas, asserting various causes of action arising out of Safeco's and Figaro's failure to adequately investigate and properly settle West's claim for damages covered by the Policy. (Dkt. # 1-3, ¶¶ 15-24) On April 7, 2015, Safeco removed the case to this Court, arguing that Figaro was improperly joined and, therefore, that his Texas citizenship cannot be considered for purposes of diversity jurisdiction. (Dkt. # 1, pp. 2-5) Safeco also moves, in its notice of removal, to dismiss Figaro based on the alleged improper joinder. (Dkt. # 1, p. 8)

West now moves to remand for lack of subject matter jurisdiction.

1

## ISSUES

There are two issues before the Court:

1)      Was Safeco's notice of removal untimely?

2)      Was Figaro properly joined as a Defendant in West's suit against Safeco?

If the Court answers either question in the affirmative, it lacks subject matter jurisdiction and must remand to state court.

## STANDARD OF REVIEW

A case is removable to federal court when federal subject-matter jurisdiction exists and the defendant has followed the proper removal procedure. *See* 28 U.S.C. § 1441. The removing party bears the significant burden of establishing the existence of subject-matter jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute is "subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Thus, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *See Manguno*, 276 F.3d at 723.

The removal statute requires that the removing party file its notice of removal within 30 days after the defendant *receives*, by service or otherwise, a copy of the initial pleading. *See* 28 U.S.C. § 1446(b)(1). The "receipt rule" is consistent with the premise of strict construction. *See Burr v. Choice Hotels Int'l, Inc.*, 848 F. Supp. 93, 94-95 (S.D. Tex. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). A defendant who does not remove in a timely manner implicitly consents to suit in state court. *See id.* at 95.

A federal court has subject-matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Diversity must be "complete," meaning that removal is appropriate only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b). Where, as here, one of the defendants is a Texas resident, remand is required unless the resident defendant's citizenship can be disregarded. *See Presley v. America First Ins. Co.*, No. H-10-4429, 2011 WL 486231, at *1 (S.D. Tex. Feb. 7, 2011).

The improper joinder doctrine is a narrow exception to the rule of complete diversity that may serve as a basis for disregarding a defendant's citizenship. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). "The Fifth Circuit recognizes two methods to establish improperly joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability to establish a cause of action against the nondiverse party in state court.'" *Johnson v. Zurich Am. Ins. Co.*, No. 3:11-cv-0344, 2011 WL 3111919, at *1 (N.D. Tex. June 29, 2011) (Solis, J.) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

Safeco does not allege fraud; its removal argument is limited to West's ability to establish a cause of action against Figaro. (Dkt. # 1, pp. 2-5) Therefore, to prevail on its improper joinder argument, Safeco must demonstrate that "'there is absolutely no possibility that [West] the plaintiff will be able to establish a cause of action" against Figaro. *Brooks v. American Home Ins. Co.*, No. 3:97-cv-0515, 1997 WL 538727, at *2 (N.D. Tex. Aug. 20, 1997) (Solis, J.) (quoting *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995), *cert. denied*, 464 U.S. 1039 (1984); *see Johnson*, 2011 WL 3111919, at *1.

Importantly, the court need not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a *possibility* that the plaintiff might do so. *See Johnson*, 2011 WL 3111919, at *1; *Hornbuckle v. State Farm Lloyds*, No. 3:03-cv-00940, 2003 WL 21955874, at *1 (N.D. Tex. Aug. 14, 2003) (Solis, J.) (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 215 (5th Cir. 1995)); *Brooks*, 1997 WL 538727, at *2 (citing *Burden*, 60 F.3d at 216). "Since the purpose of the improper joinder inquiry is to demonstrate whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not on the merits of Plaintiffs' case." *Smallwood*, 385 F.3d at 573; *see Johnson*, 2011 WL 3111919, at *1; *Hornbuckle*, 2003 WL 21955864, at *2.

"The Fifth Circuit evaluates claims of improper joinder under a similar standard for failure to state a claim." *Johnson*, 2011 WL 3111919, at *2. Importantly, however, when state law provides a more lenient pleading standard than the federal rules, the state law pleading standard applies. *See Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, at *6 (S.D. Tex. Dec. 8, 2010) (remanding, holding that Texas's fair notice standard applied to the improper joinder analysis and observing that the majority of courts apply the more lenient standard); *see also Rodriguez v. State Farm Lloyds*, No. 3:13-cv-3505, 2014 WL 3406961, at n.* (N.D. Tex. July 14, 2014) (concluding that "applying the state pleading standard seems most natural" and citing cases holding that the Texas fair notice pleading standard applies in improper joinder analysis); Thus, Texas's fair notice pleading standard applies. *See* TEX. R. CIV. P. 47; *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004); *see Rodriguez*, 2014 WL 3406961, at n.*; *Edwea*, 2010 WL 5099607, at *6. If the complaint survives the analysis, there is generally no improper joinder. *See Smallwood*, 385 F.3d at 573.

4

The party seeking removal bears the heavy burden of proving improper joinder. *See Rodriguez*, 2014 WL 3406961, at \*2; *Brooks*, 1997 WL 538727, at \*2; *see also Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (stressing that improper joinder is a narrow exception to the rule of complete diversity and pointing out that the burden of persuasion on a party claiming improper joinder is heavy); *Hornbuckle*, 2003 WL 21955864, at \*1. This Court has recognized that a removing defendant must prove the alleged impropriety by "clear and convincing evidence." *Hornbuckle*, 2003 WL 21955864, at \*1; *Brooks*, 1997 WL 538727, at \*2. The court must resolve all contested fact issues and ambiguities of state law in the plaintiff's favor. *See Hornbuckle*, 2003 WL 21955864, at \*1; *Brooks*, 1997 WL 538727, at \*2. "If the pleading reveals a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court." *Edwea*, 2010 WL 5099607, at \*2; *see Rodriguez*, 2014 WL 3406961, at \*3.

## ARGUMENT

### I.     Safeco's Notice of Removal Was Untimely

West's motion to remand must be granted because Safeco's notice of removal was untimely.

#### A.     Facts

West filed his petition in state court on February 23, 2015. (Dkt. # 1-3) He requested that the clerk serve Safeco with citation "through its registered agent for service of process in the State of Texas, Corporation Service Company ("CSC"), via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701." (Dkt. # 1-3, ¶ 2) On March 3, 2015, the court issued citation and, as directed, sent it to Safeco's registered agent by certified mail return receipt requested. (Dkt. # 1-2, p. 12; Dkt. # 1-3, p. 1)

The Dallas County District Clerk's records – filed by Safeco with the papers of this Court when it removed the case – reflect that the certified mail item number of the petition that was sent to Safeco's registered agent, CSC, was 9214 8901 0661 5400 0051 6013 20. (Dkt. # 1-2, p. 12; Dkt. # 1-3, p. 1)

On April 22, 2015, in preparing to draft this motion to remand, Melissa Wray, a lawyer for Daly & Black, P.C., went to the USPS Tracking website (https://tools.usps.com/go/TrackConfirmAction!input.action) and entered the certified mail item number. (App. Tab 1, p. 1) The result reflected that the item was delivered at 12:12 p.m. on March 7, 2015, at "Austin, TX 78701." (App. Tab 2, p. 3) Wray noticed that on the right-hand side of the screen, under the heading "Available Actions," a link appeared entitled "Return Receipt Electronic." (App. Tab 1, p. 1; App. Tab 2, p. 3) Upon following the link, a dialog box appeared that gave Wray the option to enter her name and email address in order to receive an electronic receipt. (App. Tab 1, p. 1) Wray entered the information and, a few minutes later, received the requested email. (App. Tab 1, pp. 1-2; App. Tab 3, p. 4)

The document attached to the email from the USPS's automated system was on USPS letterhead and read as follows:

Date: April 22, 2015

Melissa Wray:

The following is in response to your April 22, 2015 request for delivery information on your Certified Mail™/RRE item number 92148901066154000051601320.  The delivery record shows that this item was delivered on March 7, 2015 at 12:12 pm in AUSTIN, TX 78701. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

(App. Tab 3, p. 4) The electronic receipt shows, just as the website did, that the "item was delivered at 12:12 p.m. on March 7, 2015 in Austin, TX 78701." (App. Tab 3, p. 4) The signature of the recipient and the delivery address from the green card are excerpted on the letter. (App. Tab 3, p. 4) The delivery address shown is CSC's address – "211 E. 7th #620." (App. Tab 3, p. 4)

Federal Rule of Civil Procedure 6(a)(1) provides that when a period of time in which a party must complete some act is stated in days or a longer unit, the day of the event that triggers the period is excluded and every day thereafter is counted, including weekends and holidays. If the last day of the period is a Saturday, Sunday, or holiday, the period continues to run until the next day that is not a Saturday, Sunday, or holiday. *See id.*

Under the Rule, the date of receipt, March 7, 2015, was Day 0 and the 30-day removal period began on March 8, 2015. The 30th day was Monday, April 6, 2015. Therefore, the 30-day removal period expired at midnight on April 6, 2015.

Safeco filed its notice of removal on April 7, 2015. (Dkt. # 1)

**B.       Safeco Removed More Than 30 Days After Receipt of the Petition**

The law is clear that receipt of the petition by a *registered* agent (as opposed to a statutory agent such as the Secretary of State) triggers the 30-day removal period. *See Edling v. IMI Sys., Inc.*, No. 201CV2817-M, 2002 WL 240135, at *2-3 & n.16 (N.D. Tex. Feb. 15, 2002) (recognizing general rule that service on registered agent triggers 30-day removal period); *Barr v. Zurich Ins. Co.*, 995 F. Supp. 701, 703 (S.D. Tex. 1997) (holding that defendant "received" the petition and, therefore, removal period began when its registered agent's mail clerk signed for it). Indeed, this Court has recognized this general rule. *See Fidelity Funding, Inc. v. Pollution Research & Control Corp.*, No. 3:98-CV-1691, 1999 WL 20955, at * 3 (N.D. Tex. Jan. 7, 1999) (Solis, J.) ("As a general rule, under the receipt rule, a corporation is considered to have received a complaint when an agent authorized to accept service of process is served.").

A sister court in the Southern District of Texas considered this issue in *Barr v. Zurich Ins. Co.*, 985 F. Supp. 701, 703-04 (S.D. Tex. 1997). In that case, under similar facts, the court held that the defendant insurance company's removal was untimely:

> A review of the facts of this case reveals that Defendant's removal was untimely. Plaintiff sent by certified mail, return receipt requested, his state-court petition to an agent[, who acted as registered agent for more than one corporation,] *designated* by Defendant. Plaintiff's petition was received and accepted by an individual at that agent's office. That same individual signed the receipt and forwarded the state-court petition to Defendant's corporate headquarters. Thereafter, the petition was apparently placed in the wrong file and therefore, according to Defendant, was not acted upon until Defendant learned of the suit through other means. Thus, fifty-eight days after the agent received the petition, Defendant removed this case. This is not a case where Plaintiff served one of

8

> Defendant's many employees. This is not a case where Plaintiff simply mailed the petition to the Defendant's general mailing address. Instead, it is clear to the Court that Plaintiff did everything as required by statute. He mailed his state-court petition to Defendant's registered agent. Registered agents exist to receive process; they are in the business of receiving legal correspondence. Defendant chose this one. Unlike the situation where it is unreasonable to allow a plaintiff to give notice of suit by serving the run-of-the-mill corporate employee, this case involves service upon an individual working in the mail room employed by a designated agent. It behooves corporations to select registered agents who employee individuals trained to handle such matters.

*Id.* at 703 (emphasis in original).

Here, like the plaintiff in *Barr*, West did everything he was supposed to do. He requested issuance and service of citation in accordance with the rules, and issuance and service was effected by the Clerk per his request. Like the registered agent in *Barr*, CSC exists to receive process and is in the business of receiving legal correspondence. (App. Tab 4, pp. 5-6) Like the insurance company in *Barr*, Safeco chose CSC. If for some reason, as West anticipates Safeco will argue, CSC did not actually process the petition until March 9, 2015, *receipt* of the petition by Safeco (through its chosen agent) nevertheless occurred on March 7, 2015, when the item was delivered and the green card was signed.

Because Safeco's removal was untimely, this Court lacks subject matter jurisdiction and must remand the case to state court.

### C.      Safeco's Attempt to Establish Timeliness Fails

West anticipates that Safeco will argue that the petition was not received by Safeco until CSC, and therefore was not received by Safeco, until March 9, 2015. There is no credible evidence to support such an argument.

When conferencing regarding this motion, Safeco's counsel claimed that after the untimeliness issue came to light and CSC contacted the USPS, the USPS updated its website to show an "Updated Delivery Day" of March 9, 2015. (App. Tab 5, p. 9) However, the USPS

website defines the "Updated Delivery Day" as merely "the latest information on when the Postal Service *expects to deliver* your package," not the date it is *actually delivered*, which is clearly indicated as March 7, 2015. (App. Tab 1, p. 1) Moreover, the "Updated Delivery Day" on the USPS Tracking website has been March 9, 2015, since the undersigned first discovered the issue and tracked the package on April 22, 2015. (App. Tab 1, p. 1; App. Tab 2, p. 3)

Safeco's counsel also claimed, on April 29, 2015, that some unnamed person at CSC spoke to some person individual at the USPS "who orally confirmed that they are showing that delivery was on the 9th and not the 7th, and that the 7th was a mis-scan. . . . . I know that sounds like a fluke, and indeed that is exactly what it is. As we speak, the post office is supposed to be providing some documentation/proof to CSC that it was delivered on the 9th and not the 7th." (App. Tab 5, p. 9) Safeco's counsel later provided the promised "documentation," a document dated April 24, 2015, addressed to "Grand Barber" and reading as follows:

Date: April 24, 2015

Grand Barber:

The following is in response to your April 24, 2015 request for delivery information on your Certified Mail™/RRE item number 92148901066154000051601320. The delivery record shows that this item was delivered on March 9, 2015 at 9:18 AM in AUSTIN, TX 78702 to C CHRIS. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

10

(App. Tab 1, p. 2; App. Tab 5, p. 8; App. Tab 7, p. 12)

This document, which document states that it was delivered "March 9, 2015 at 9:18 AM in AUSTIN, TX **78702** to **C Chris**," (App. Tab 7, p. 12 (emphasis added)), raises several issues. First, CSC's zip code is 78701, not 78702. Second, the signature on the green card excerpted in the letter, while not perfectly legible, is clearly not "C Chris." (App. Tab 7, p. 12) Third, and most disturbing, the address on the green card excerpted in the letter that purports to establish a delivery date of March 9, 2015, *is not CSC's address.* (App. Tab 7, p. 12) Like the recipient's name, the address is not perfectly legible, but it is most certainly not 711 E. 7th. (App. Tab 7, p. 12) Rather, it appears to be "401 Congress." (App. Tab 7, p. 12)

After Safeco's counsel provided this document on April 29, 2015, Wray again went to the USPS Tracking website and entered the certified mail item number just as she had on April 22, 2015. (App. Tab 1, p. 2) The result was identical to the result that appeared when Wray undertook the same inquiry on April 22, 2015. (App Tab 1, pp. 1-2; App. Tab 2, p. 3) It reflected that the item was delivered at 12:12 p.m. on March 7, 2015, at "Austin, TX 78701." (App Tab 2, p. 3) Just as she had done on April 22, 2015, Wray clicked the "Return Receipt Electronic" link and entered her name and email address in order to receive an electronic receipt. (App Tab 1, p. 2) A few minutes later, Wray received a letter that is *identical to the one she received on April 22, 2015*, with the exception of the date of the letter. (App Tab 1, p. 2; App. Tab 3, p. 4; App. Tab 6, p. 11)

It is unclear how or where CSC was able to procure the document that purports to establish delivery on March 9, 2015, to the wrong address in the wrong zip code to the wrong person. What is clear is that the document is, at best, inaccurate and, at worst, fraudulent. Given

11

that the removal statute is strictly construed against removal, Safeco's anticipated attempt to establish receipt of the petition on March 9, 2015, lacks merit and does not defeat remand.

## II.   Figaro Was Properly Joined as a Defendant in West's Suit Against Safeco

Even in the unlikely event that the Court finds the removal was timely, West's motion to remand should nonetheless be granted because Figaro was properly joined as a Defendant in the state court suit.

### A.   West's Allegations Against Figaro

Figaro is the adjuster to whom West's claim was assigned. (Dkt. # 1-3, ¶ 11; App. Tab 8, pp. 13-18; App. Tab 9, pp. 19-69; App. Tab 10, pp. 70-71) He investigated the claim, made a determination of coverage and exclusions under the Policy, and determined the amount of damages West was to receive. (Dkt. # 1-3, ¶¶ 11-13; App. Tab 8, pp. 13-18; App. Tab 9, pp. 19-69; App. Tab 10, pp. 70-71) Figaro authored the wrongful partial denial letter. (App. Tab 10, pp. 70-71)

West's petition[1] alleges, in pertinent part, that Figaro violated Chapter 541 of the Texas Insurance Code ("Chapter 541") and the Texas Deceptive Trade Practices Act ("DTPA").  (Dkt. # 1-3, ¶¶ 18-24)  Specifically, West's petition states as follows:

### C.   Bad Faith/DTPA (Safeco and Davis)

18.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

20.     Defendants violated § 541.060 by:

---

[1] For the Court's convenience, a copy of the original petition is included in the Appendix at Tab 11, pp. 72-78.

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim; [sic]

21.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

22.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

23.     Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

(1)     Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

13

(2)    Safeco failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)    Safeco, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Safeco took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.    Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

(Dkt. # 1-3, ¶¶ 18-24)   Additionally, the petition makes the following factual allegations regarding Figaro:

8.    Mr. West is a named insured under a property insurance policy issued by Safeco.

9.    On or about October 2, 2014 a storm hit the Grand Prairie, Texas area, damaging Mr. West's house and other property. Mr. West subsequently filed a claim on his insurance policy.

10.    Defendants improperly denied and/or underpaid the claim.

11.    Figaro was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.    Figaro's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, Safeco and Figaro performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

(Dkt. # 1-3, ¶¶ 8-13)

### B.      Movant's Burden

To avoid remand, Safeco must prove that there is no reasonable possibility that West will be able to establish a cause of action against Figaro in state court. Safeco argues that there is no such possibility, alleging that the petition "simply tracks the underlying statute, is factually deficient and fails to state a cause of action against Figaro." (Dkt. # 1, p. 4) It further argues that because the adjuster's actions can be accomplished by Safeco through an agent, there is no cause of action against Figaro. (Dkt. # 1, p. 5). Safeco's argument in favor of removal fails, and the case should be remanded to state court.

### C.      West Alleges Sufficient Facts Against Figaro

In what seems to be a stock argument by defendants seeking to remove first-party insurance cases, Safeco inaccurately claims that West's petition "provide[s] no facts." (Dkt. # 1, p. 4) To the contrary, West has stated more than one actionable factual allegation of Figaro's wrongful conduct, as well as made legal allegations against both Figaro and Safeco. (Dkt. # 1-3, ¶¶ 8-13, 18-24)

In *Hernandez v. Stillwater Ins. Co.*, No. 3:14-cv-1560, 2014 WL 3700577, at *3 (N.D. Tex. July 25, 2014), Judge A. Joe Fish remanded a case involving allegations similar to those here and rejecting the very same argument Safeco makes. Judge Fish observed that while the plaintiff's allegations were a "near-verbatim recitation of Chapter 541, such a recitation does not preclude the possibility of recovering" against the adjuster so long as the plaintiff had also alleged sufficient facts describing actionable conduct by the adjuster. *Id.* Thus, the fact that

15

West's allegations track Chapter 541 is not fatal to his claim. Judge Fish found that the plaintiff's allegations, including misrepresenting the cause, scope, cost to repair damages, and coverage under the policy, were sufficient to specify actionable conduct by the adjuster. *See id.* at *4. The factual allegations in *Hernandez* are substantially similar to those in West's petition. (App. Tab 11, pp. 72-78) Judge Fish also rejected improper joinder arguments in *Rodriguez*, 2014 WL 3406961, at *4-5, and *Charla Aldous, P.C. v. Black*, No. 3:12-cv-5028, 2013 WL 3154121, at *4-6 (N.D. Tex. June 20, 2013), finding that the plaintiffs sufficiently stated a cause of action against the adjuster and agent defendants, respectively, and remanding both cases.

Judge Mary Lou Robinson recently remanded a first-party insurance case involving a hail claim in which the undersigned represented the plaintiff. *See Wilson v. Safeco Ins. Co.*, Case No. 2:13-cv-00235 (N.D. Tex. Jan. 6, 2014), p. 3.[2] In that case, the removing defendants made an improper joinder argument almost identical to the one here. *See Wilson*, p. 2. After examining the petition – *which was essentially identical to the petition in this case* – Judge Robinson found that the allegations therein were sufficient to plead a cause of action against the adjuster and also that the factual allegations were sufficient to satisfy the applicable pleading standards. *See Wilson*, pp. 4-8. A sister court in the Southern District of Texas reached the same conclusion in a similar case where the undersigned represented the plaintiff. *See Almeida v. Balboa Ins. Co.*, Case No. 7:12-cv-00533 (S.D. Tex. Mar 8, 2013).[3]

Other courts have also found that similar combinations of specific factual allegations against the adjuster and conclusory legal allegations against all defendants provide a reasonable basis for predicting recovery against the adjuster under the Insurance Code. *See, e.g., Presley* 2011 WL 486231, at *3 & n.2 (citing *Rodriguez v. Standard Guar. Ins. Co.*, No. H-10-3065,

---

[2] A copy of the court's order in *Wilson* is included in the Appendix at Tab 12, pp. 79-86.
[3] A copy of the court's order in *Almeida* is included in the Appendix at Tab 13, pp. 87-92.

2010 WL 4877774, at *2 (S.D. Tex. Nov. 23, 2010); *Harris v. Allstate Tex. Lloyd's*, No. H-10-

0753, 2010 WL 1790744, at *3 (S.D. Tex. Apr. 30, 2010); *Leisure Life Senior Apartment Hous.*

*II, Ltd. v. Lloyds of London*, No. H-09-3067, 2009 WL 3834407, at *2 (S.D. Tex. Nov. 12,

2009); *Davis v. Travelers Lloyds of Texas Ins. Co.*, No. H-09-2260, 2009 WL 3255093, at *7

(S.D. Tex. Sept. 29, 2009)); *Campos v. American Bankers Ins. Co. of Fl.*, No. H-10-0594, 2010

WL 2640139, at *6 (S.D. Tex. June 30, 2010) (citing same cases). All four cases cited in *Presley*

and *Campos* were Hurricane Ike claims brought against an insurance company and a Texas-

resident adjuster. *See Campos*, 2010 WL 2640139, at *6. "In each case, the defendant failed to

present evidence showing that the plaintiff had no reasonable possibility of recovering against

the instate defendant, and in each case, the court remanded the action to state court." *Id.*

> The court's opinion in *Campos* is particularly instructive. In that case, the court said:

> Campos's petition alleges that his property was damaged, that Castilleja was
> tasked with handling the insurance claim, and that Castilleja failed to fulfill this
> task in the manner required by the Texas Insurance Code. Campos alleges that
> Castilleja mishandled the claim in several specific ways, including:
> misrepresenting the policy coverage, failing to attempt a fair settlement, failing
> to act within a reasonable time to affirm or deny coverage or to reserve rights,
> failing to conduct a reasonable investigation, and failing to explain American
> Bankers Insurance's reasons for denying payment. Campos asserts claims against
> Castilleja individually, in claims separate from those brought against American
> Bankers Insurance. Campos's allegations, if proven true, would create a
> reasonable possibility that Campos could prevail in his claims against Castilleja.
> American Bankers Insurance has presented no evidence disproving these
> allegations. The fact that the pleadings do little more than recite the elements of
> the statutory claims might be viewed as pleading insufficiency in federal court
> and might be the basis for an order granting leave to amend. But this court cannot
> conclude that there is no reasonable basis to predict that Campos might recover
> against Castilleja in state court.

*Id.* at *5.

> This Court has rejected improper joinder arguments on several occasions. *See Johnson*,

2011 WL 3111919, at *2-6 (remanding worker's compensation action filed against insurance

17

company and its agent); *Hornbuckle*, 2003 WL 21955864, at *2 (finding that policyholder had arguably reasonable possibility of prevailing against adjuster); *Brooks*, 1997 WL 538727, at *2-4 (finding, in worker's compensation case that plaintiff stated a claim for unfair settlement practices against adjuster); *but see Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723-25 (N.D. Tex. 2014) (Solis, J.) (denying motion to remand based on improper joinder).[4]

Safeco cites three cases in the Southern District of Texas, all from the same court, in which plaintiffs' motions to remand were denied because the court held that when an adjuster's actions can be accomplished by the insurance company through an agent, the adjuster's actions are "indistinguishable" from those of the insurer and are therefore insufficient to support a claim against the adjuster. (Dkt. # 1, p. 5) Judge Robinson rejected this very same argument – and these very same cases – in *Wilson*, stating:

> Defendants rely heavily on one decision emanating from the Southern District of Texas, which states that where an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and "hence are insufficient to support a claim against the adjuster." *Dalton v. State Farm Lloyd's, Inc.*, No. H-12-3404, 2013 WL 3157532, at *6, *7 (S.D. Tex. June 19, 2013).  Notwithstanding the fact that the decision is not binding on this Court, the proposition stated in *Dalton* is supported only by previous decisions of the same court and not by any controlling authority.

*Wilson*, n.1.

Under Texas's liberal pleading standards, and applying clear precedent, Plaintiff's Original Petition unquestionably establishes a reasonable basis for this Court to predict that West might be able to recover against Figaro.

---

[4] *Messersmith* is distinguishable on its facts both substantively and insofar as it alleged all causes of action – including breach of contract and Prompt Payment Claims Act claims – against both the insurance company and the adjuster. *See Messersmith*, 10 F. Supp. 3d at 723-24. West does not do this; the only claims he pleads against Figaro are claims that may properly be brought against an adjuster. Moreover, *Messersmith* predated recent case law recognizing a *statutory* duty – independent of the insurance contract – to conduct a reasonable investigation. *See USAA Tex. Lloyd's Co. v. Menchaca*, No. 13-13-00046-CV, 2014 WL 3804602, at *5 (Tex. App.—Corpus Christi July 31, 2014, pet. filed) (App. Tab 14, pp. 93-104). West certainly alleges facts sufficient to support a claim that Figaro violated this statutory duty. Finally, the Court appears to have applied the stringent Rule 12(b)(6) pleading standard as opposed to Texas's fair notice pleading standard. *See Messersmith*, 10 F. Supp. 3d at 723-25.

## III.     Conclusion

Remand is appropriate because the removal was untimely and the parties are not completely diverse. The notice of removal was not filed within 30 days after Safeco received a copy of the petition. Figaro is domiciled in Texas and adjusts insurance claims in Texas, and West has pled valid causes of actions against him under Texas law. Because the removal was untimely and Figaro was not improperly joined for the purpose of defeating diversity jurisdiction, the Court cannot ignore his Texas domicile for diversity purposes and remand is required.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, West respectfully prays that the Court grant her motion to remand, remand this cause to the 68th-C District Court District Court of Dallas County, Texas, award West costs and attorney's fees incurred as a result of the removal, award West sanctions as the Court determines appropriate, and grant any other and further relief, at law or in equity, to which West may be justly entitled.

Respectfully submitted,

By: _/s/ Richard D. Daly_
        Richard D. Daly, Attorney-in-Charge
        Texas Bar No. 00796429
        rdaly@dalyblack.com
        Melissa Waden Wray
        Texas Bar No. 24008614
        Ana M. Ene
        Texas Bar No. 24076368
        aene@dalyblack.com
        DALY & BLACK, P.C.
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF**

19

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2015, the foregoing document was served on all counsel of record by NEF in accordance with the Federal Rules of Civil Procedure.

*/s/ Richard D. Daly*
Richard D. Daly

## CERTIFICATE OF CONFERENCE

I hereby certify that during the weeks of April 20, 2015, and April 27, 2015, Melissa Wray, a lawyer in my firm, corresponded by phone and email with Mark D. Tillman and Elizabeth Knight, counsel for Defendants, regarding the filing of this motion. Mr. Tillman and Ms. Knight indicated that Defendants are opposed to the relief requested. Safeco is not willing to accept the evidence Plaintiff has produced regarding the date of receipt of the petition, instead relying on a clearly inaccurate document that was procured by its client after the untimeliness issue arose. Moreover, the parties have a fundamental disagreement regarding whether Figaro was improperly joined and, accordingly, whether his Texas citizenship may be considered for diversity purposes.

*/s/ Richard D. Daly*
Richard D. Daly